UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TRIPPIEDI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ONTARIO, a government entity; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:20-CV-01190-AB-SHK<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

Before the Court is Defendant City of Ontario's ("Defendant") Motion to Dismiss Plaintiff Daniel Trippiedi's ("Plaintiff") First Amended Complaint ("FAC," Dkt. No. 21) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ("Motion," Dkt. No. 22.) Plaintiff opposed ("Opp'n," Dkt. No. 25), and Defendant replied ("Reply," Dkt No. 26). For the following reasons, the Court **GRANTS** the Motion, with leave to amend.

1.

## I. BACKGROUND

### a. Factual Background

The following allegations are taken from the Plaintiff's First Amended Complaint. *See* FAC. Plaintiff is an adult California resident. FAC, ¶ 1. He has a "qualified disability" under the ADA because he is paraplegic and requires the use of a wheelchair for mobility. *Id.* The events at issue occurred on the property located at 4000 E. Ontario Center Parkway, Ontario, CA 91764 ("Property"), known as the Toyota Arena. *Id.,* ¶¶ 1–2. This property is open to the public and is owned by the City of Ontario. *Id.,* ¶ 11.

On October 20, 2019, Plaintiff arrived at the Property to attend his stepdaughter's graduation ceremony. *Id.,* ¶ 10. During his time on the Property, Plaintiff encountered an extensive list of alleged accessibility violations and misconduct. Upon arrival, he was blocked from using an ADA parking space. *Id.,* ¶ 17. Despite Plaintiff's insistence, the parking attendant said his superiors were not letting anyone use the ADA compliant spaces and Plaintiff would have to park farther away. *Id.* Plaintiff's stepdaughter exited the vehicle "so she would not have to worry about the family" which did not allow her to know from where the family would be watching and cheering. *Id.*, ¶ 17. The available parking spots were not ADA compliant so Plaintiff opted to let passengers out and then park as far to the right as possible to avoid the risk of not being able to access the driver's seat upon return. *Id.,* ¶ 18. The group then walked the "long journey" to the arena. *Id.* Upon arrival, Plaintiff was required to travel up a "long series of switchback ramps that seemed like it was at least a few hundred feet long." *Id.*, ¶ 19. An employee handling seating then directed Plaintiff to the disabled section where Plaintiff could either leave his wheelchair to access the seats for the general public or use the disabled area, but only one other person was allowed to join him. *Id.*, ¶ 20. The attendant offered a folding chair to his wife and suggested the children sit in their laps which would allow them to avoid being separated from their grandparents, but Plaintiff found this

unacceptable. *Id.* Later, this attendant told her apparent supervisor, "we have a troublemaker here" which caused Plaintiff to feel "horribly embarrassed." *Id.*, ¶ 21. The supervisor did not offer an accommodation. *Id.* In the end, Plaintiff sat by himself while his wife sat two rows ahead to better supervise the children. *Id.* After the ceremony concluded, Plaintiff went to greet his stepdaughter but was prevented by a curb. *Id.*, ¶ 24. He asked an attendant to create an opening in the railing to avoid this obstruction but was denied. *Id.* Finally, as Plaintiff tried to exit the event, a car was parked too close to his vehicle to allow access which forced the group to wait until the other car could move. *Id.*, ¶ 25.

### b. Procedural Background

On June 11, 2020, Plaintiff filed his Complaint alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and the Unruh Civil Rights Act. Dkt. No. 1. On December 10, 2020, Plaintiff filed his First Amended Complaint which in addition to the causes of action asserted in the initial Complaint, now includes a third cause of action for Intentional Infliction of Emotional Distress ("IIED") and a fourth cause of action Negligent Infliction of Emotional Distress ("NIED"). *See* FAC. Defendant now moves to dismiss the third and fourth causes of action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Motion.

## II. LEGAL STANDARD

Rule 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

3.

(2007). The complaint must also be "plausible on its face," that is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). While a plaintiff need not give "detailed factual allegations," they must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A court may dismiss a complaint under Rule 12(b)(6) based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court must make all reasonable inferences in the plaintiff's favor. *Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

### III.  DISCUSSION

Defendant argues that Plaintiff fails to adequately state a claim upon which relief can be granted for two of his causes of action: (1) IIED and (2) NIED. The Court will address each in turn.

//

//

**A. Intentional Infliction of Emotional Distress**

Defendant argues that Plaintiff insufficiently alleges an IIED claim because the alleged conduct is not extreme and outrageous and because there are insufficient facts

4.

to establish that the Defendant had the requisite intent. Motion, p. 12–15. In response, Plaintiff artfully restates the chain of events to demonstrate that the conduct exceeded "mere annoyances" and should therefore be considered sufficiently extreme. Opp'n, p. 5–6. The Court agrees with Defendant.

Under California law, to sufficiently plead a cause of action for intentional infliction of emotional distress, the plaintiff must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050, 209 P.3d 963, 976 (2009). The first prong requires that the conduct is so "extreme as to exceed all bounds of that usually tolerated in a civilized community" and it must be "intended to inflict injury or engaged in with the realization that injury will result." *Id.* (quoting *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1000, 863 P.2d 795 (1993). Liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Molko v. Holy Spirit Assn.*, 46 Cal. 3d 1092, 1121, 762 P.2d 46 (1988), *as modified on denial of reh'g* (Dec. 1, 1988). Indeed, conduct is outrageous only if it is "the most extremely offensive," *Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1128, 257 Cal. Rptr. 665 (Ct. App. 1989), *modified* (May 18, 1989), and "especially calculated to cause . . . the claimant mental distress of a very serious nature," *Coon v. Joseph*, 192 Cal. App. 3d 1269, 1272, 237 Cal. Rptr. 873 (Ct. App. 1987). On the other hand, conduct that is merely rude or insensitive cannot support a claim for intentional infliction of emotional distress. *See Schneider v. TRW, Inc.*, 938 F.2d 986, 992 (9th Cir. 1991) (where supervisor "screamed and yelled in the process of criticizing [plaintiff's] performance, threatened to throw her out of the department and made gestures she interpreted as

threatening," conduct was merely rude and insensitive and could not support IIED claim).

The FAC sets forth an extensive list of allegations that Plaintiff purports rises to the level of "extreme and outrageous" conduct. FAC, ¶¶ 10–40. Such allegations show that Plaintiff was repeatedly denied solutions to fully enjoy the Property, including being denied access to ADA accessible parking spaces, being forced to wheel himself up hundreds of feet of switchback ramps, being forced to sit by himself at his stepdaughter's graduation and being called a "troublemaker" by Defendant's agents. *Id.*; Opp'n, p. 5–6.

While Defendant's conduct may be rude, insensitive or distasteful, it does not rise to the level of what courts have found to be "extreme and outrageous." Such conduct typically includes threats of physical harm, severe invasions of privacy, and extremely rude comments, often in combination. *See e.g.*, *Plotnik v. Meihaus*, 208 Cal. App. 4th 1590, 1613, 146 Cal. Rptr. 3d 585, 605 (2012) (finding outrageous conduct where defendants "aggressively rushed" plaintiff, "made rude comments, expressly threatened both [plaintiff] and the family dog, plus made a veiled threat against plaintiff's relative"); *Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1488, 232 Cal. Rptr. 668, 682 (Ct. App. 1986) (finding outrageous conduct where a camera crew accompanied paramedics into plaintiff's home without permission, filmed the paramedics performing CPR on plaintiff's father who was dying of a heart attack, and subsequently aired the footage on the nightly news).

This case is more appropriately compared to *Cornell v. Berkeley Tennis Club*, wherein a severely obese employee was repeatedly pestered by her employer. 18 Cal. App. 5th 908, 946, 227 Cal. Rptr. 3d 286, 315 (2017). The employer allegedly laughed at the employee, asked her if she had considered weight-loss surgery, had her repeat many times that she wore a "women's size 5X to 7X," and in a meeting he said she "ha[d] not been cooperative" about following the new dress-code, despite the

business only providing her a uniform in a size 2X. *Id.* at 919–20. The Court ultimately held that the Defendant's actions were "inappropriate but not severe." *Id.* at 946. *See also Terrazas v. Sw. Airlines Co.*, 2017 WL 8186752, at *3 (C.D. Cal. Feb. 27, 2017) (finding an airline's conduct insufficiently extreme and outrageous where agents failed to accommodate the disabled plaintiff, told plaintiff that she did not look disabled, laughed at her while referring to her need for assistance as a "situation," and "throwing" plaintiff into a wheelchair). These cases confirm that many troubling actions such as what Plaintiff endured are perhaps colloquially "extreme and outrageous," but as a matter of law, inadequate under a theory of IIED. Defendant's conduct as currently asserted in the FAC is similarly inadequate.

Accordingly, Plaintiff fails to allege conduct by Defendant that rises to the level of outrageous conduct required to state an IIED claim. However, the Court finds that leave to amend is appropriate here because amendment would not be futile. *Veasna Chan Hun v. Hajjar*, No. CV 18-10330 PSG (KSx), 2019 WL 4509302, at *12–13 (C.D. Cal. May 30, 2019) (granting leave to amend, and noting that dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment") (quoting *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003)). As such, Defendant's motion to dismiss Plaintiff's IIED claim is **GRANTED**, with leave to amend.

**B. Negligent Infliction of Emotional Distress**

Defendant argues that Plaintiff insufficiently alleges an NIED claim because Plaintiff fails to allege that Defendant had a duty to Plaintiff, that Defendant breached that duty, and that Plaintiff suffered serious mental distress resulting from that breach. Motion, p. 16–17. In response, Plaintiff contends that the duty is established by the ADA statute, the repeated violations demonstrate breach, and that he has pled sufficient mental distress. Opp'n, p. 7–8. The Court agrees with Defendant, in part.

NIED claims are "not an independent tort but the tort of negligence." *Macy's California, Inc. v. Superior Court*, 41 Cal. App. 4th 744, 748, 48 Cal. Rptr. 2d 496, 498 (1995). "[I]n order to prove facts sufficient to support a finding of negligence, a plaintiff must show that [the] defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." *Hayes v. Cty. of San Diego*, 57 Cal. 4th 622, 629, 305 P.3d 252, 255 (2013).

With respect to duty of due care, such a duty may be imposed by law. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 985, 863 P.2d 795, 807 (1993). The ADA does so as it states, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The Ninth Circuit has confirmed the existence of this duty between owners of public accommodations and individuals with disabilities. *See Tauscher v. Phoenix Board of Realtors, Inc.*, 931 F.3d 959 (9th Cir. 2019). Therefore, as an individual with a "qualified disability" under the ADA, Plaintiff was owed a duty of care by the Defendant. Specifically, Defendant had a duty to not discriminate against Plaintiff by allowing him the same enjoyment of the Property that Defendant affords its able-bodied patrons.

With respect to whether Defendant breached this duty, and taking all of Plaintiff's allegations as true, Defendant did not accommodate Plaintiff so that he could have full and equal enjoyment of the Property during the graduation. As stated, Plaintiff's FAC sets forth an extensive list of conditions, barriers, and comments which prevented him from the full and equal enjoyment of the Property. FAC, ¶¶ 10–40. Specifically, Plaintiff alleges facts that show that not only was Defendant in violation of certain accessibility standards, but that Defendant failed to reasonably

modify policies and practices to accommodate Plaintiff when Plaintiff brought these violations to Defendant's agents' attention. FAC, ¶¶ 17, 21–22. Instead, Plaintiff alleges that Defendant's agents denied him access to ADA accessible spaces, called him a "troublemaker" and repeatedly offered no solutions as to how he could fully enjoy the Property. *Id.*, ¶ 21. Thus, at this stage, Plaintiff has sufficiently alleged a breach of Defendant's duty.

Finally, Plaintiff must allege serious emotional distress resulting from Defendant's breach of its duty. Plaintiff claims he endured "hardships, physical pain, emotional pain and embarrassment" due to Defendant's actions that "still affects him to this day." FAC, ¶ 26. Further, he alleges he has "lost the confidence that was placed in him by his family because his family was counting on him to make sure they had at least as enjoyable a time as all able-bodied persons had at the [e]vent instead of the resistance and discrimination that the family experienced." *Id.* He alleges that this lost confidence affects him "constantly" because he believes "he cannot provide security and safety for his family." *Id.*

While the Court has sympathy for Plaintiff's strife, the Court finds that Plaintiff has insufficiently alleged that he has suffered severe emotional distress and that such severe emotional distress was due to Defendant's actions. Plaintiff's current allegations of distress are conclusory and vague, such that the Court is left unaware of how Plaintiff's emotional distress is redressable. How is Plaintiff still affected "to this day" by Defendant's actions? How does Plaintiff's lost confidence due to Defendant's actions affect him "constantly"? The Court is left without sufficient facts of severe emotional distress at the hands of Defendant that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. *But cf. Kane v. United Servs. Auto. Ass'n*, 2018 WL 4599715, at *3 (S.D. Cal. Sept. 25, 2018) (finding that plaintiff sufficiently alleged emotional distress when he alleged that as a result of an insurer mishandling his claim, he suffered "depression, anxiety, sleeplessness,

irritability, financial stress, nervousness, humiliations and grief, beyond what a reasonable person would be able to cope with.").

Accordingly, because Plaintiff fails to allege severe emotional distress, his claim for NIED fails to state a claim for relief. However, the Court finds that leave to amend is appropriate here because amendment would not be futile. *See Hajjar*, 2019 WL 4509302, at *12–13. As such, Defendant's motion to dismiss Plaintiff's NIED claim is **GRANTED**, with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion. Specifically, the Court **DISMISSES** the following causes of action **with leave to amend**: (1) Intentional Infliction of Emotional Distress; and (2) Negligent Infliction of Emotional Distress.

Plaintiff is further **ORDERED** to file any Second Amended Complaint within 14 days of the issuance of this order, otherwise the dismissed claims herein will be dismissed with prejudice.

Dated: February 17, 2021

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE