UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TRIPPIEDI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ONTARIO, a government entity; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 5:20-CV-01190-AB (SHK)<br><br>**ORDER <u>GRANTING IN PART AND DENYING IN PART</u> DEFENDANT'S MOTION TO DISMISS** |

Before the Court is Defendant City of Ontario's ("Defendant") Motion to Dismiss Plaintiff Daniel Trippiedi's ("Plaintiff") Second Amended Complaint ("SAC," Dkt. No. 32) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ("Motion," Dkt. No. 33.) Plaintiff opposed the Motion ("Opp'n," Dkt. No. 34), and Defendant replied ("Reply," Dkt. No. 35.) The Court deems this matter appropriate for decision without oral argument and vacates the hearing set for Friday, May 7, 2021. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

1.

## I. BACKGROUND

The Court and the parties are familiar with the facts of this case and they are set forth in this Court's previous order. *See* Dkt. No. 31, "Order." The Court recites only the facts and additional allegations set forth in Plaintiff's SAC as they relate to the instant Motion.

### a. Factual Background

Plaintiff's SAC does not appear to put forth any new allegations of additional conduct by the Defendant. Instead, Plaintiff provides additional details regarding the course of events, as well as supporting facts regarding the long-term effects this experience has had on his well-being.

Regarding the events on the Defendant's property, Plaintiff alleges that he felt "exhausted and in physical pain" as he pushed himself up the switchback ramps to enter the location. SAC, ¶ 19. Additionally, this was a "very hot day" which made his efforts particularly challenging. *Id.,* at ¶ 33.

Plaintiff also alleges long-term effects due to these events. "[Plaintiff] is now reluctant to venture into similar gatherings." *Id.,* at ¶ 30. Additionally, "Plaintiff now feels that life is just not worth living because people think of him in this way ." *Id.,* at ¶ 31. To this day, this experience has left Plaintiff with "feelings of insecurity, anxiety, and humiliation." *Id.,* at ¶ 34.

### b. Procedural Background

On June 11, 2020, Plaintiff filed his First Amended Complaint alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), the Unruh Civil Rights Act, Intentional Infliction of Emotional Distress ("IIED"), and Negligent Infliction of Emotional Distress ("NIED"). Dkt. No. 1. On February 17, 2021, the Court granted Defendant's Motion to Dismiss the First Amended Compliant with leave to amend. *See* Order. On March 3, 2021, Plaintiff filed his SAC setting forth the same causes of action as his First Amended Complaint. *See* SAC. Defendant now

moves to dismiss Plaintiff's claims for IIED and NIED for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Motion.

## II. LEGAL STANDARD

Rule 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough factual detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," that is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). While a plaintiff need not give "detailed factual allegations," they must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Id.*

A court may dismiss a complaint under Rule 12(b)(6) based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court must make all reasonable inferences in the plaintiff's favor. *Nordstrom v. Ryan*, 762 F.3d 903, 906 (9th Cir. 2014). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (internal

quotation marks omitted).

### III. DISCUSSION

Defendant argues that Plaintiff fails to adequately state a claim upon which relief can be granted for two of his causes of action: (1) IIED and (2) NIED. The Court will address each argument in turn.

#### A. Intentional Infliction of Emotional Distress

Plaintiff argues that Defendant does not address the deficiencies this Court previously noted in its Order. *See* Motion at 16. The Court agrees.

Under California law, to sufficiently plead a cause of action for intentional infliction of emotional distress, the plaintiff must allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050, 209 P.3d 963, 976 (2009). The standard required by courts to demonstrate the first prong is exceedingly high and merely making a conclusory statement that the conduct was "extreme and outrageous" is insufficient. *See e.g., Yurick v. Superior Court*, 209 Cal. App. 3d 1116, 1128, 257 Cal. Rptr. 665 (Ct. App. 1989), *modified* (May 18, 1989) (conduct must be "the most extremely offensive" and "there can be no recovery for mere profanity, obscenity, or abuse, without circumstances of aggravation, or for insults, indignities or threats which are considered to amount to nothing more than mere annoyances.") (internal citations omitted).

Plaintiff's argument is little changed from the First Amended Complaint. As the Court previously stated, "[extreme and outrageous conduct] typically includes threats of physical harm, severe invasions of privacy, and extremely rude comments, often in combination." Order at 5. Plaintiff argues that this standard is now met as "Defendant's conduct included 'extremely rude comments' and actual harm to

Plaintiff." Opp'n at 3.  Yet, Plaintiff alleges no new comments or conduct on behalf of Defendant in his SAC and thus it appears that Plaintiff's reference to "extremely rude comments" refers solely to the Plaintiff being called a "troublemaker."  The Court already found that, in comparison to other cases, such a comment does not "exceed all bounds of that usually tolerated in a civilized community," especially in the absence of any threats of physical harm or severe invasions of privacy.  *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001, 863 P.2d 795, 819 (1993) (internal citation omitted).  *See e.g., Merritt v. Wells Fargo Bank, N.A.*, No. SACV181960JVSJDEX, 2019 WL 1951608, at *7 (C.D. Cal. Mar. 15, 2019) (finding the "alleged use of a racial epithet and comments insulting [plaintiff's] intelligence are insufficient to state a claim for IIED").  Furthermore, the fact that Plaintiff allegedly felt physical pain is not evidence that *Defendant's conduct* was "extreme and outrageous."  While unfortunate, it is reasonable to expect that accessibility violations of the ADA and the Unruh Act would harm disabled visitors.  However, the Court cannot assume that these violations and resulting harms *alone* are proof of extreme misconduct by the Defendant.  Plaintiff is unable to show this Court any comparable precedent to suggest that Defendant's actions amount to extreme and outrageous conduct.  Given the highly demanding standard and the lack of additional allegations in Plaintiff's SAC, the Court finds that Plaintiff has not shown that Defendant's conduct was so extreme and outrageous to state a plausible IIED claim.

After giving Plaintiff a chance to cure the deficiencies, Plaintiff does not materially change the allegations underlying his IIED claim and it appears clear to the Court that there are no further allegations that could save this claim.  Accordingly, the Court **GRANTS** Defendant's Motion with respect to Plaintiff's IIED claim, with prejudice.

### B. Negligent Infliction of Emotional Distress

Defendant argues that Plaintiff's NIED claim insufficiently pleads severe

emotional distress. The Court disagrees and finds that the Plaintiff's NIED claim contains sufficient allegations to proceed.

A claim of NIED is not an independent tort but a tort of negligence, where the elements of duty, breach of duty, causation, and damages apply. *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1377 (2010). In the Court's previous Order, duty and breach were found to be adequately pleaded and only causation and damages (*i.e.*, whether Defendant's conduct caused Plaintiff's emotional distress) were deficient. *See* Order at 8–9.

Where there is a claim of negligence with no physical injury, the emotional distress must be severe. *Molien v. Kasier Found. Hosp.*, 27 Cal. 3d 916, 927–30. (Cal. 1980). Courts have held that "serious emotional distress may be found where a reasonable man, normally constituted would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Hernandez v. City of Los Angeles*, No. CV 16-02689-B (JEMX), 2017 WL 5642306, at *4 (C.D. Cal. Mar. 8, 2017) (quoting *Molien*, 27 Cal. 3d at 928).

Here, the conduct alleged is more than a simple ADA violation. Plaintiff encountered several alleged ADA violations which inconvenienced both him and his family, Plaintiff received an impolite comment from Defendant's agent when asking for accommodations, Plaintiff was subject to public embarrassment in several instances, and was separated from his family—all due to his disability. Plaintiff alleges that Defendant's alleged misconduct has caused "feelings of insecurity, anxiety, and humiliation" as well as "futility, and feelings of defeat and that life is not worth living." SAC, ¶¶ 34–35. Further, Plaintiff alleges that Defendant's conduct "deterred him and continue[s] to deter him to this day from going out in public." *Id*. Defendant argues that "the SAC is devoid of any allegations that would show that severe emotional distress would be rational from the events as pled/alleged," and that "*no reasonable man* would be unable to adequately cope with the consequences of the

events alleged." Motion at 19 (emphasis in original). However, reading the SAC in its entirety and taking in the totality of the circumstances described above, the Court finds that Plaintiff's distress allegations are plausible enough to state a claim for NIED. At this stage in the litigation, the Court cannot say *as a matter of law* that no reasonable person would be unable to adequately cope with the mental anguish of a similar situation. Indeed, as stated by the California Supreme Court, "[t]he screening on claims on this basis at the pleading stage is a usurpation of the jury's function. *Molien*, 27 Cal. 3d at 928. *See also Lawson v. Safeway Inc.*, 191 Cal. App. 4th 400, 416, 119 Cal. Rptr. 3d 366, 378 (2010).

Thus, the Court finds that Plaintiff's new allegations of his severe emotional distress are enough to state a claim for NIED that is "plausible on its face," *Iqbal*, 556 U.S. at 678, and raises Plaintiff's right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Accordingly, the Court **DENIES** Defendant's Motion with respect to Plaintiff's NIED claim.

### C. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss the IIED claim, without leave to amend. The Court **DENIES** Defendant's Motion to Dismiss the NIED claim.

**IT IS SO ORDERED.**

Dated: May 05, 2021

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE