**CARROLL, KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
**GABRIEL M. IRWIN (SBN 210916)**
111 West Ocean Boulevard, 14th Floor
Post Office Box 226
Long Beach, California 90801-5636
Telephone No. (562) 432-5855 /
Facsimile No. (562) 432-8785
jckelly@cktflaw.com / gmirwin@cktflaw.com

Attorneys for Defendant, CITY OF ONTARIO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TRIPPIEDI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ONTARIO, a government entity; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO.:  5:20-CV-01190-AB-SHK<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT BY DEFENDANT CITY OF ONTARIO**<br><br>[Filed concurrently with Motion For Summary Judgment Or In The Alternative Partial Summary Judgment; Declaration of Michael Gibbens; Declaration of Christopher Shaw; Declaration of Gabriel M. Irwin; Proposed Order; Proposed Judgment]<br><br>DATE: August 27, 2021<br>TIME:  10:00 a.m.<br>COURTROOM: 7B<br><br>Discovery Cut-Off: 7-8-21<br>Pre-Trial Conf.:  11-19-21<br>Trial:  12-7-21<br><br>**Honorable  Andre Birotte, Jr.**<br>Complaint Filed:   6-11-20 |

Defendant CITY OF ONTARIO hereby submits the following undisputed facts in support of its NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT filed in the instant matter. Pursuant to the following undisputed facts and supporting evidence, the City of Ontario is entitled to Summary Judgment, or in the alternative, Partial Summary Judgment as a matter of law.

| UNDISPUTED FACT | EVIDENCE |
|---|---|
| 1. Plaintiff visited the Toyota Arena in the City of Ontario on October 20, 2019, in order to attend his stepdaughter's graduation ceremony. | 1. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 67:9-14. |
| 2. Plaintiff traveled to the Toyota Arena with his stepdaughter Claudia Uribe, wife Glendy Trippiedi, and his two grandchildren. | 2. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 76:3-6. |
| 3. Plaintiff upon arrival at the Toyota Arena on October 20, 2019, was directed to an area of disabled parking, where he encountered eight ADA/disabled parking spaces which were blocked off. | 3. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 78:25; 79:1-11; 81:8-10. |
| 4. Plaintiff was directed to drive to another parking lot at the Toyota Arena. | 4. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 81:11-15 |
| 5. Plaintiff parked his vehicle in Lot B2, which does not contain any ADA/disabled parking spaces. | 5. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 71:9-15; Exhibit 6 to Deposition of Daniel Trippiedi; 89:20-23. |
| 6. Upon reaching Lot B2, Plaintiff did not ask any parking attendant(s) where he could find available ADA/disabled parking spaces. / / / | 6. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 84:10-15; 88:17-24; 89:3-6. |

| | |
|---|---|
| 7. Plaintiff, his wife and two grandchildren traveled to the Arena entrance after parking Plaintiff's vehicle. To access the entrance, they traveled up an elevated walkway leading directly to the main entrance. | 7. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 90:18-25; 91:1-6. |
| 8. An elevator was available to any disabled Arena patron through the administration office entrance adjacent to the ramp/walkway where Plaintiff had dropped off his stepdaughter. | 8. Shaw Decl. ¶ X. |
| 9. All elevators at the Toyota Arena were operational and available on October 20, 2019. | 9. Shaw Decl. ¶ X. |
| 10. Once they were inside, Plaintiff and his family were then directed to a designated ADA/disabled seating area. | 10. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 92:7-15. |
| 11. Upon arriving at the seating area, Plaintiff contends he was advised by an Arena attendant he could only have one companion sit with him in the disabled seating area. | 11. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 93:11-14. |
| 12. As Plaintiff's grandchildren were with him, Plaintiff was advised the children would be permitted to sit on the laps of Plaintiff and his wife.<br>/ / /<br>/ / /<br>/ / / | 12. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 96:19-25; 97:1-6. |

SEPARATE STATEMENT OF UNDISPUTED FACTS

| | |
|---|---|
| 13. Alternatively, Plaintiff contends he was advised his wife could sit immediately below the disabled seating area with the two grandchildren. | 13. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 97:9-20. |
| 14. Plaintiff alleges a second Arena attendant then presented to the disabled seating area, and that the first attendant stated to this second attendant "we have a troublemaker here." | 14. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 96:1-4. |
| 15. Plaintiff was ultimately not permitted to have his wife and two grandchildren all sit with him in separate seats in the ADA/disabled seating area. | 15. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 97:21-25; 98:1-3. |
| 16. Plaintiff's wife opted to sit directly below the ADA/disabled seating area with the two grandchildren. | 16. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 97:21-25; 98:1-3. |
| 17. After the event was over, Plaintiff contends he exited the Arena with his wife and grandchildren. | 17. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 103:17-25. |
| 18. Plaintiff alleges, while traveling to an area where the graduates were gathering outside the Arena post-ceremony, he encountered a curb that prevented him from continuing along with the other people who were going to meet their graduates.<br>/ / /<br>/ / / | 18. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 105:9-18. |

| | |
|---|---|
| 19. Plaintiff contends he asked an Arena parking attendant to move/open a metal railing to allow him to access an area of the parking lot where people were gathering but that this request was refused. | 19. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 110:15-25. |
| 20. Plaintiff contends when he arrived back to his van with his family, the van was blocked in by adjacent vehicles, making the van inaccessible. | 20. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 112:11-16. |
| 21. Plaintiff alleges he and his family were required to wait before the vehicle could be accessed in order to exit the Arena parking lot to travel home. | 21. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 112:17-25; 113:1-3. |
| 22. The eight disabled parking stalls encountered by Plaintiff which were blocked off on October 20, 2019 were blocked as part of the standard arena configuration/set-up for graduation events. | 22. Shaw Decl. ¶ X. |
| 23. The purpose of blocking the eight disabled parking stalls is to create a secure and safe space in the parking lot immediately outside the arena where graduates can gather following a graduation ceremony.<br>/ / /<br>/ / /<br>/ / /<br>/ / / | 23. Shaw Decl. ¶ X. |

-5-
SEPARATE STATEMENT OF UNDISPUTED FACTS

| | |
|---|---|
| 24. For any event where the arena blocks off the eight disabled parking spaces in question in this case, eight or more additional disabled parking spaces are created in the Northeast parking area at locations A1 and A2. | 24. Shaw Decl. ¶ X. |
| 25. On October 20, 2019, eight additional disabled parking spaces were created in the Northeast Arena parking area. | 25. Shaw Decl. ¶ X. |
| 26. On October 20, 2019, there were a total of no less than 31 disabled parking spaces available in Lots A1 and A2 to disabled arena patrons. | 26. Shaw Decl. ¶ X. |
| 27. On October 20, 2019, there were also an additional 4 disabled parking spaces located in Lot C2 at the arena. | 27. Shaw Decl. ¶ X. |
| 28. An additional 10 disabled parking spaces were available in Lot E2 at the arena on October 20, 2019. | 28. Shaw Decl. ¶ X. |
| 29. An additional 23 disabled parking spaces were available in Lot F5 at the arena on October 20, 2019. | 29. Shaw Decl. ¶ X. |
| 30. A total of no less than 68 disabled parking spaces were available at the Arena to Plaintiff and other disabled patrons for the October 20, 2019 graduation event.<br>/ / /<br>/ / / | 30. Shaw Decl. ¶ X. |

| | |
|---|---|
| 31. All available disabled parking spaces at the Toyota Arena on October 20, 2019 had accessible routes to the Arena entrances | 31. Gibbens Decl. ¶ X. |
| 32. The ADA/disabled seating area inside the Toyota Arena is specifically reserved for ADA seating only. | 32. Shaw Decl. ¶ X. |
| 33. The ADA/disabled seating area inside the Toyota Arena which was available on October 20, 2019 has a total capacity of 19 seats. | 33. Shaw Decl. ¶ X. |
| 34. In order to ensure available seating for disabled arena patrons, access to the ADA/disabled seating area for family and friends of disabled patrons is limited, and is situationally dependent upon the number of disabled individuals attending any given event. | 34. Shaw Decl. ¶ X. |
| 35. Plaintiff was permitted one companion seat in the ADA/disabled seating area inside the Toyota Arena on October 20, 2019. / / / / / / / / / / / / / / / / / / / / / | 35. Deposition of Daniel Trippiedi (Irwin Decl. Ex. B) at 93:11-14. |

| | |
|---|---|
| 36. Despite Plaintiff's contentions as to the alleged events of October 20, 2019, he did not make a complaint or lodge a complaint with anyone at the Toyota Arena regarding these events. | 36. Shaw Decl. ¶ X. |
| 37. City of Ontario did not violate the ADA or the Unruh Civil Rights Act on October 20, 2019. | 37. Gibbens Decl. |

DATED: July 22, 2021

CARROLL, KELLY, TROTTER & FRANZEN

By: _____
    JOHN C. KELLY
    GABRIEL M. IRWIN
    Attorneys for Defendant CITY OF ONTARIO

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I hereby certify that on July 22, 2021, I electronically filed the foregoing **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT BY DEFENDANT CITY OF ONTARIO** with the clerk of the United States District Court - Central District of California by using the Central District CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Central District of California CM/ECF system.

I further certify that some of the participants in the case may not be registered CM/ECF users. I have mailed the foregoing **** by First-Class Mail, postage pre-paid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days, to the following non-CM/ECF participants:

[*NONE*]

DATED: July 22, 2021                    *Jennifer Beasley*
                                        Jennifer Beasley