**CARROLL, KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
**GABRIEL M. IRWIN (SBN 210916)**
111 West Ocean Boulevard, 14th Floor
Post Office Box 226
Long Beach, California 90801-5636
Telephone No. (562) 432-5855 /
Facsimile No. (562) 432-8785
jckelly@cktflaw.com / gmirwin@cktflaw.com

Attorneys for Defendant, CITY OF ONTARIO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DANIEL TRIPPIEDI, an individual,

Plaintiff,

vs.

CITY OF ONTARIO, a government entity; and DOES 1-10, inclusive

Defendants.

CASE NO.: 5:20-CV-01190-AB-SHK

**DECLARATION OF CHRISTOPHER SHAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**

[Filed concurrently with Motion for Summary Judgment, or in the alternative Partial Summary Judgment; Statement Of Uncontroverted Facts; Declaration of Michael Gibbens; Declaration of Gabriel M. Irwin; Proposed Order; Proposed Judgment]

DATE: August 27, 2021
TIME: 10:00 a.m.
COURTROOM: 7B

Discovery Cut-Off: 7-8-21
Pre-Trial Conf.: 11-19-21
Trial: 12-7-21

**Honorable Andre Birotte, Jr.**
Complaint Filed: 6-11-20

I, CHRISTOPHER SHAW, declare and state as follows:

1. I have personal knowledge of the matters contained within this Declaration. If called to testify as to these matters, I could and would competently testify thereto.

2. I am currently the Director of Security at the Toyota Arena in the City of Ontario, a position I have held for three years. I previously served as a Security Manager at the Toyota Arena.

3. I am employed by ASM Global, Inc., which is the management group that manages the Toyota Arena. I have been an employee of ASM Global, Inc. since 2017.

4. In addition to serving as the Director of Security at Toyota Arena, my job responsibilities have also included oversight parking at the Toyota Arena.

5. Based upon my employment with ASM Global, Inc. and my time working at the Toyota Arena, I have personal knowledge of the parking lots at the Toyota Arena, of the availability of ADA disabled parking, of the ADA seating access and areas inside the arena, and of the arena configuration for events such as the graduation event which was held at the Toyota Arena on October 20, 2019.

6. ADA/disabled parking spaces are available in five specific areas of the parking lots surrounding the Toyota Arena. There are 8 disabled parking spaces located immediately outside the entrance to the Arena administration offices. There are an additional 4 disabled parking spaces located in Lot C2. There are an additional 23 disabled parking spaces located in Lot A1. There are an additional 10 disabled parking spaces located in Lot E2. Finally, there are an additional 23 disabled parking spaces located in Lot F5.

7. A graduation event/ceremony was held at the Toyota Arena on October 20, 2019.

///

///

8. Eight disabled parking stalls were blocked off for purposes of the graduation event held at the Arena on October 20, 2019. These were the stalls located immediately outside the entrance to the Arena administration offices, which is not formally considered a general public Arena entrance.

9. The eight disabled parking stalls were blocked off using metal bike rack type barricades on the date in question.

10. These parking stalls were blocked off as part of the standard Arena configuration/set-up for graduation events such as the one held on October 20, 2019. The purpose of blocking the eight disabled parking stalls is to create a secure and safe space in the parking lot immediately outside the arena where graduates can gather following a graduation ceremony.

11. For any event where the Arena blocks off the eight disabled parking spaces in question in this case, eight or more additional disabled parking spaces are created in the Northeast parking area at locations A1 and A2.

12. While eight disabled parking spaces were blocked off when plaintiff visited the Arena on October 20, 2019, eight additional spaces were created in the Northeast Arena parking area to compensate for this on said date.

13. As such, on October 20, 2019, there were a total of no less than 31 disabled parking spaces available in Lots A1 and A2 to disabled Arena patrons. There were also an additional 4 disabled parking spaces located in Lot C2 on October 20, 2019. Further, an additional 10 disabled parking spaces were available in Lot E2. Finally, an additional 23 disabled parking spaces were available in Lot F5.

14. Accordingly, while eight disabled parking spaces were blocked off on October 20, 2019, a total of no less than 68 disabled parking spaces were available at the Arena to Plaintiff and other disabled patrons for the October 20, 2019 graduation event.

/ / /

/ / /

15. With respect to ADA seating inside the Toyota Arena, for a graduation event such as the graduation ceremony held on October 20, 2019, ADA seating would be located on the main entrance level directly behind the main entrance. No elevators, ramps or stairs are required to access this ADA seating area.

16. The ADA seating area is specifically reserved for ADA seating only. The area has a limited capacity of 19 total seats. In order to ensure available seating for disabled Arena patrons, access to this seating area for family and friends of disabled patrons is limited, and is situationally dependent upon the number of disabled individuals attending any given event.

17. Based upon my involvement in the instant litigation, including my preparation to give a deposition in the context of this action, I am aware Mr. Trippiedi contends he made a verbal request to Arena staff for three companion seats in the ADA seating area when he attended a graduation event on October 20, 2019. I am aware Mr. Trippiedi contends that this request was denied. I am also aware Mr. Trippiedi contends a member of the Arena staff allegedly referred to him as a "troublemaker" when discussing seating accommodations in the ADA seating area on October 20, 2019.

18. I have personally located and reviewed all available Arena documentation regarding the graduation event held at Toyota Arena on October 20, 2019. There is no report of any event involving Mr. Trippiedi on said date, including the absence of any incident report.

19. An elevator was available on October 20, 2019 to any disabled Arena patron through the administration office entrance adjacent to the walkway where Plaintiff had dropped off his stepdaughter.

/ / /

/ / /

/ / /

/ / /

20. The documentation I have located and reviewed also establishes that all elevators were fully functioning, operational and available to Arena patrons on October 20, 2019.

I declare under the penalty of perjury under the laws of the State of California the foregoing is true and correct.

Executed this 22nd day of July, 2021 at Ontario, California

CHRISTOPHER SHAW

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I hereby certify that on August 6, 2021, I electronically filed the foregoing **DECLARATION OF CHRISTOPHER SHAW IN SUPPORT OF DEFENDNT'S MOTION FOR SUMMARY JUSGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** with the clerk of the United States District Court - Central District of California by using the Central District CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Central District of California CM/ECF system.

I further certify that some of the participants in the case may not be registered CM/ECF users. I have mailed the foregoing **** by First-Class Mail, postage pre-paid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days, to the following non-CM/ECF participants:

[*NONE*]

Dated: August 6, 2021

*Jennifer Beasley*___
JENNIFER BEASLEY