CARROLL, KELLY, TROTTER & FRANZEN
JOHN C. KELLY (SBN 125609)
GABRIEL M. IRWIN (SBN 210916)
111 West Ocean Boulevard, 14th Floor
Post Office Box 22636
Long Beach, California 90801-5636
Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785
jckelly@cktflaw.com / gmirwin@cktflaw.com

Attorneys for Defendant, CITY OF ONTARIO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DANIEL TRIPPIEDI, an individual, | CASE NO.: 5:20-cv-01190-AB-SHK |
|---|---|
| Plaintiff, | **DECLARATION OF MICHAEL P. GIBBENS IN SUPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| CITY OF ONTARIO, a government entity; and DOES 1-10, inclusive | |
| Defendants. | DATE: August 27, 2021<br>TIME: 10:00 a.m.<br>COURTROOM: 7B |
| | Discovery Cut-Off: 7-8-21<br>Pre-Trial Conf.: 11-19-21<br>Trial: 12-7-21 |
| | Honorable Andre Birotte, Jr.<br>Complaint Filed:  6-11-20 |

I, MICHAEL P. GIBBENS, declare and state as follows:

1. I am a certified Expert/Consultant on Disabled Accessibility Compliance. The following facts are based upon my personal knowledge, and if called as a witness I could and would testify competently thereto.

-1-

2. Following my inspection of the Arena and review of the Declaration of Janis Kent, Plaintiff's expert, I have specified additional opinions that I have formulated in a report dated August 6, 2021. A true and correct copy of said report is attached hereto as Exhibit 1.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this 6th day of August, 2021 at Thousand Oaks, California.

DATED: August 6, 2021   MICHAEL P. GIBBENS

EXHIBIT "1"

<-</p>
<-

<-

<-

<-

<-

<-

<-</p>

<-

<-

<-

---

**CONFIDENTIAL**
**ATTORNEY-CLIENT WORK PRODUCT PRIVILEGES**

---

August 6, 2021

Carroll, Kelly, Trotter & Franzén
111 West Ocean Blvd., 14th Floor
Post Office Box 226
Long Beach, CA 90801-5636

Attn: Gabriel Irwin, Esq.
Re: Initial response to opinions and conclusions contained in July 9, 2021 correspondence from Janice Kent to Michael Manning, Esq.
Case No.: 5:20-cv-01190-AB-SHK, Daniel Trippiedi vs. City of Ontario.

Dear Mr. Irwin

You have requested that I review the correspondence and attachments contained within a letter dated July 9, 2021 from Janice Kent to Michael Manning, Esq., filed on 7/23/21, Document 39-22, Case No.: 5:20-cv-01190-AB-SHK, Page ID #:589 to :609 (21 pages). Ms. Kent has alleged that certain features or conditions at the subject facility do not meet requirements of state and/or federal disabled accessibility provisions. Consequently, you have requested my preliminary analysis and opinion(s) as to the merit of the various opinions and conclusions contained in this correspondence.

## Initial Findings and Opinions

The City of Ontario is a "Public Entity" as that term is defined in §35.104 of the Americans with Disabilities Act ("ADA") Title II regulations (28 CFR Part 35). On notice and belief, the City of Ontario began construction on the Toyota Arena, located at 4000 E. Ontario Center Parkway in Ontario, CA, on March 7, 2007, and initiated operations on October 18, 2008.

The Toyota Arena (hereinafter referred to as the "Arena") is a multi-purpose facility designed and operated to host local sporting events, concerts, and public events of differing sizes and configurations depending on the specific event parameters. The Arena was designed and constructed to provide the necessary improvements to accommodate the needs of the disabled, according to applicable state and federal laws. California Government Code §4453(b) provides that the City of Ontario, as the governing body for the enforcement of the disabled access provisions of the

California Building Code (CBC) in the City of Ontario, is authorized to ensure compliance with the applicable disabled access requirements as follows under Government Code §4451(f):

> ***4451(f).*** *Administrative authorities, as designated under Section 4453, may grant exceptions from the literal requirements of the building standards published in the California Building Standards Code relating to access for persons with disabilities, or the other regulations adopted pursuant to this section, or permit the use of other methods or materials, but only when it is clearly evident that equivalent facilitation and protection that meets or exceeds the requirements under federal law are thereby secured.*

The requirements referenced under federal law are those contained in the Americans with Disabilities Act. In the preparation of her Report, Ms. Kent admits that she has not researched the construction history of the Arena. She has not researched the date that the Arena was first permitted, nor has she established that any subsequent alterations have been undertaken at the Arena after it was opened (Page 4, paragraph 1 of Kent Report).

The construction history of a facility is of singular importance in establishing the level of architectural disabled accessibility that the facility was/is required to provide at a particular period of time over the life of the facility. Consequently, the admission that the necessary foundation for determining the relative compliance of a particular architectural accessibility element of the Arena facility has not yet been established, means that any claim of non-compliance by Ms. Kent also has no foundation.

As an attachment to her July 9, 2021 Report to Plaintiff's counsel, Ms. Kent provided a matrix of "General Observations" and alleged "Non-compliance Issues" for the Toyota Arena. As previously detailed, these allegations have no established foundation for the alleged deficiencies noted.

On Page 3 of the Report, under "Observations", it states that *"The filed complaint states that there was no accessible parking, no path of travel from the parking to* [sic] *and the accessible seating did not include companion seating"*. I have already opined on these complaints to a significant degree and will opine further if requested.

Gibbens & Associates, LLC is a consulting firm and does not practice law. Accordingly, nothing set forth herein is intended to be relied upon as a legal opinion either by the addressee or any other party. Any determination of the liability of any particular entity to comply with any portion of the ADA should be made by that entity's legal counsel. The opinions expressed and information herein address unsettled areas of state and federal access codes and neither this firm nor the undersigned expects the addressee or any other person to assume that the options presented herein will necessarily insulate any such party or parties from future unsuccessful or successful litigation based on either the ADA or any other state or federal civil rights law of similar effect.

2

I reserve the right to modify the information contained in this report as additional information is made available. I can be reached at (805) 870-0900 for any questions regarding the material contained in this report.

Sincerely,
Gibbens & Associates, LLC

Michael P. Gibbens, CASp, ICC, CASI

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I hereby certify that on August 6, 2021, I electronically filed the foregoing **DECLARATION OF MICHAEL GIBBENS IN SUPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** with the clerk of the United States District Court - Central District of California by using the Central District CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Central District of California CM/ECF system.

I further certify that some of the participants in the case may not be registered CM/ECF users. I have mailed the foregoing \*\*\*\* by First-Class Mail, postage pre-paid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days, to the following non-CM/ECF participants:

[*NONE*]

Dated: August 6, 2021            *Jennifer Beasley*
                                            JENNIFER BEASLEY