**CARROLL, KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
**GABRIEL M. IRWIN (SBN 210916)**
111 West Ocean Boulevard, 14th Floor
Post Office Box 226
Long Beach, California 90801-5636
Telephone No. (562) 432-5855 /
Facsimile No. (562) 432-8785
jckelly@cktflaw.com / gmirwin@cktflaw.com

Attorneys for Defendant, CITY OF ONTARIO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TRIPPIEDI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ONTARIO, a government entity; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO.:  5:20-CV-01190-AB-SHK<br><br>**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Declaration of Michael P. Gibbons; Supplemental Declaration of Michael P. Gibbons; Declaration of Christopher Shaw; Declaration of Gabriel M. Irwin]<br><br>DATE: August 27, 2021<br>TIME:  10:00 a.m.<br>COURTROOM: 7B<br><br>Discovery Cut-Off: 7-8-21<br>Pre-Trial Conf.:  11-19-21<br>Trial:  12-7-21<br><br>**Honorable  Andre Birotte, Jr.**<br>Complaint Filed:   6-11-20 |

Defendant CITY OF ONTARIO hereby submits the following Statement of Disputed and Undisputed Facts in Opposition to Plaintiff's Motion for Partial Summary Judgment filed in the instant matter.

| UNDISPUTED FACT AND EVIDENCE | DISPUTED/UNDISPUTED AND EVIDENCE |
|---|---|
| 1. Plaintiff Daniel Trippiedi is paraplegic due to a spinal cord injury.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 59:11-60:5; Trippiedi Decl. ¶ 2. | 1. Undisputed. |
| 2. Plaintiff is unable to stand or walk and relies on a wheelchair for mobility.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 59:11-60:5; Trippiedi Decl. ¶ 2. | 2. Undisputed. |
| 3. Defendant City of Ontario ("Defendant" or "City") owns the property at 4000 E Ontario Center Parkway, Ontario, CA 91764-7966, Parcel No. 0210-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 ("Property") upon which the Toyota Arena stadium ("Arena") is located.<br><br>Manning Decl. ¶ 13; **Exhibit F** (San Bernardino County Office of the | 3. Undisputed. |

| | |
|---|---|
| Assessor, Property Information Report and Map) | |
| 4.  The Arena was constructed in 2008.<br><br>Manning Decl. ¶ 8; **Exhibit C** | 4.  Undisputed. |
| 5.  The City is a public entity.<br><br>Manning Decl. ¶ 8; **Exhibit E.** (Defendant's May 7, 2020, rejection of Plaintiff's claim). | 5.  Undisputed. |
| 6.   The Arena is a place of public accommodation.<br><br>Def. Answer at ¶ 2. [ECF No. 12]; Manning Decl. ¶ 5; **Exhibit B.** (Defendant's Response to Plaintiff's Request for Admission No. 1) | 6.  Undisputed. |
| 7.   The Arena is open to the public and a business establishment.<br><br>Def. Answer at ¶ 2. [ECF No. 12]. Manning Decl. ¶ 9; **Exhibit C.** (Defendant's Response to Plaintiff's Interrogatory No. 6). | 7.  Undisputed. |
| 8.  The Arena is a multi-purpose arena which hosts concerts and other indoor | 8.  Undisputed. |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| events such as basketball, ice hockey, ice shows, boxing, and graduation ceremonies.<br><br>Manning Decl. ¶ 9; **Exhibit C.** (Defendant's Response to Plaintiff's Interrogatory No. 6). | |
| 9.  On October 20, 2019, Plaintiff went to the Arena to attend a graduation ceremony for his stepdaughter, with his stepdaughter, her mother (Plaintiff's wife), and his stepdaughter's two children.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 76:3-6.<br>Uribes Dep. (Manning Decl., **Exhibit H**) at 30:9-17. | 9. Undisputed. |
| 10.    On October 20, 2019, Plaintiff drove a minivan that has hand controls to accommodate his disabilities.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 75:23-24. | 10.  Undisputed. |
| 11.  Plaintiff arrived at the Arena from the south-west direction heading east. | 11.  Disputed. While Plaintiff contends he arrived at the Arena from the Southwest Direction heading East, there is no evidence of this other than |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| Trippiedi Dep. (Manning Decl., **Exhibit G**) at 77:3-78:6; Trippiedi Decl. ¶ 5, **Exhibit 2**. (Satellite map of Property) | what Plaintiff claims occurred. Neither Glendy Trippiedi nor Claudia Uribes substantiated this alleged fact. Uribes Dep. (Irwin Decl. **Exhibit A**); Glendy Trippiedi Dep. (Irwin Decl. **Exhibit B**). |
| 12.   As he approached the Arena from the west, Arena attendants saw that he had disabled placard and directed Plaintiff to continue driving on that road toward another attendant who would tell him where to park.<br><br>**Exhibit 2**. (Satellite map of Property). | 12.   Disputed. There is no evidence any Arena attendants physically saw Plaintiff had a disabled placard. This is complete speculation, lacks foundation and assumes facts. Further, neither Glendy Trippiedi nor Claudia Uribe substantiate that Plaintiff was directed to continue driving toward another attendant who "would tell him where to park." This also lacks foundation, assumes facts not in evidence, and constitutes inadmissible pure hearsay.<br><br>Uribes Dep. (Irwin Decl. **Exhibit A**); Glendy Trippiedi Dep. (Irwin Decl. **Exhibit B**). See also Evidentiary Objections to **Exhibit 2** (Satellite map of Property) served concurrently herewith. |
| 13.   Plaintiff drove as instructed to the southernmost area of the Arena where there were accessible parking spaces | 13.   Defendant does not dispute there were ADA parking spaces blocked by metal rails on October 20, 2019. That |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| blocked by metal rails, and other Arena attendants directing traffic.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 79:15-22; 82:12-17; Trippiedi Decl. ¶ 4-5, **Exhibit 1 & 2**. | there were other Arena attendants "directing traffic" is vague, overbroad, ambiguous, lacks foundation, and assumes facts. Neither Plaintiff's deposition nor his declaration establish such an occurrence. |
| 14.  Plaintiff asked the Arena attendants if they would move the metal guardrails blocking the accessible parking spaces at the southernmost area of the Arena, so he could park.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 79:15-22; Trippiedi Decl. ¶ 4-5, **Exhibit 1 & 2**. | 14. Disputed. Neither Glendy Trippiedi nor Claudia Uribes, both of whom were in the car with Plaintiff, substantiated this alleged fact.<br>Uribes Dep. (Irwin Decl. **Exhibit A**);<br>Glendy Trippiedi Dep. (Irwin Decl. **Exhibit B**). |
| 15.  When Plaintiff asked to park at the open ADA spaces at the southernmost area of the Arena, an attendant told him that he could not park there.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 82:2-11; 83:10-14; Trippiedi Decl. ¶ 4-5, **Exhibit 1 & 2**. | 15.  Disputed. There is no evidence this occurred, beyond Plaintiff's testimony. What an attendant allegedly said to Plaintiff constitutes pure hearsay, lacks foundation, and assumes facts not in evidence. |
| 16.  After an attendant told Plaintiff he could not park at the open ADA spaces at the southernmost area of the Arena, the attendant told him to continue east | 16.  Disputed. There is no evidence that plaintiff was told another attendant would show him where to park. This "fact" lacks foundation, and assumes |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| down the road and another attendant would show him where to park.<br><br>Decl. ¶ 5, **Exhibit 2**. | facts not in evidence. What an attendant allegedly told Plaintiff is also pure hearsay.<br><br>Uribes Dep. (Irwin Decl. **Exhibit A**); Glendy Trippiedi Dep. (Irwin Decl. **Exhibit B**). |
| 17.  Plaintiff's stepdaughter, Claudia, exited the van at the location where the ADA parking spaces were blocked.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 85:5-18;<br>Trippiedi Decl. ¶ 4-5, **Exhibit 1 & 2**.<br>Uribes Dep. (Manning Decl., **Exhibit H**) at 30:18-31:13. | 17.  Undisputed. |
| 18.  Plaintiff proceeded east down the road and entered the first opening to a parking lot to the south that was closest to the entrance to the Arena.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 88:13-24;<br>Trippiedi Decl. ¶ 5, **Exhibit 2**. | 18.  Undisputed. |
| 19.  When he reached this opening, there was no attendant to direct Plaintiff where to find an ADA accessible parking space, or signage | 19.  Disputed.  Glendy Trippiedi testified there was an attendant present and a specific discussion occurred with this individual as to the availability of |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| where he could find an ADA accessible parking space.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 141:1-5; 8813-24. | ADA parking spaces and where to park. Glendy Trippiedi Dep. (Irwin Decl. **Exhibit B**). |
| 20. Plaintiff parked at a space that was not designated as disabled parking in the southeastern part of the parking lot.<br><br>(Manning Decl., **Exhibit G**) at 88:25-89:2;<br>Trippiedi Decl. ¶ 5, **Exhibit 2**. | 20.   Undisputed. |
| 21.  Plaintiff did not circle back to try to find another attendant about finding another ADA space because he and his wife were concerned about being able to get a seat and be on time for the graduation ceremony.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 89:3-13. | 21.   Disputed. Glendy Trippiedi testified there was an attendant present and a specific discussion occurred with this individual as to the availability of ADA parking spaces and where to park. Glendy Trippiedi Dep. (Irwin Decl. **Exhibit B**). |
| 22.  To exit his vehicle, Plaintiff pulled his wheelchair in the back of the car by hand through the sliding door.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 75:23-76:2. | 22.   Undisputed. |

| | |
|---|---|
| 23. After Plaintiff parked his van in a non-accessible space and exited the vehicle, his wife helped push Plaintiff in his wheelchair and held his stepdaughter's hands as they made their way toward the entrance.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 89:25-90:7. | 23. Undisputed. |
| 24. Plaintiff and his family followed the crowd toward an entrance ramp located at the southeast area of the Arena<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 91:3-6; Trippiedi Decl. ¶ 5, **Exhibit 2**. | 24. Undisputed. |
| 25. Plaintiff and his family had difficulty going up the switchback ramp because it was too steep.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 91:7-17. | 25. Disputed. While Defendant does not dispute Plaintiff's contention that he experienced difficulty going up the walkway to the main entrance of the Toyota Arena, there is no evidence this walkway has the technical specifications under any Building Code which would establish it as a "switchback ramp." This fact therefore lacks foundation, assumes facts not in |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | evidence, and calls for expert opinion. Further, there is no evidence the walkway in question was "way too steep" and this fact/allegation is also disputed. Said allegation lacks foundation, assumes facts not in evidence, and calls for expert opinion. |
| 26.  On October 20, 2019, because of bone spurs in her foot, Plaintiff's wife wore an orthopedic boot, which affected her ability to walk, and also made it difficult to traverse the ramp.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 86:10-18. | 26.    Disputed. Plaintiff's testimony about his wife's condition is hearsay. This fact lacks foundation and assumes facts not in evidence. The condition of plaintiff's wife's foot is also completely irrelevant, as his wife is not a party to this action, nor is the condition of her foot at issue. |
| 27. Plaintiff and his family had to stop three times to rest while going up the switchback ramp.<br><br>Trippiedi Dep.   (Manning   Decl., **Exhibit G**) at 91:18-22. | 27. Disputed. There is no evidence the walkway in question has the technical specifications under any Building Code which   would   establish   it   as   a "switchback ramp." This fact therefore lacks foundation, assumes facts not in evidence, and calls for expert opinion. |
| 28.  On October 20, 2019, there were three elevators at the Arena, but they were not used to accommodate persons with disabilities to access the entrance level. | 28. Disputed. Plaintiff has produced no evidence the elevators were not used to accommodate persons with disabilities to access the entrance level. In fact, one elevator  was  specifically  available  on |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| Shaw Dep. (Manning Decl., **Exhibit I**) at 93:17-23 | October 20, 2019 to disabled individuals to access the entrance level. See Declaration of Christopher Shaw, served concurrently herewith. |
| 29. When Plaintiff had visited the Arena in 2009 for another graduation, he was allowed to enter the Arena using an elevator or was able to access the seating without having to go up any ramps.<br><br>Shaw Dep. (Manning Decl., **Exhibit I**) at 69:24-70:7; 74:3-12. | 29. Disputed, to the extent this fact lacks any foundation, assumes facts not in evidence, and is irrelevant to the subject matter of this litigation. |
| 30. On October 20, 2019, when Plaintiff got to the top of the ramp, Plaintiff asked an attendant where the disabled seating was, which the attendant pointed to about 50 feet away.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 92:2-15. | 30. Disputed. There is no evidence any attendant said anything to Plaintiff after he got to the top of the ramp, or pointed to a specific area in the Toyota Arena, beyond Plaintiff's own testimony. Therefore, this "fact" lacks foundation, assumes facts not in evidence, and constitutes inadmissible pure hearsay. |
| 31. The disabled seating area was curtained off with some people in wheelchairs and others in folding chairs. | 31. Undisputed. |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| Trippiedi Dep. (Manning Decl., **Exhibit G**) at 92:2-15. | |
| 32. Plaintiff and his family looked for a place to sit in the disabled seating area and asked an attendant in charge about getting folding chairs so they could all sit together as a family.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 93:8-10. | 32. Undisputed. |
| 33. The attendant at the disabled seating area told Plaintiff that he could only have one companion sitting with him but did not tell him why.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 93:11-16. | 33. Disputed. There is no evidence an attendant at the disabled seating area told plaintiff anything, other than what Plaintiff claims he was told. This "fact" lacks foundation, assumes facts not in evidence, and constitutes inadmissible pure hearsay. |
| 34. Plaintiff told the attendant at the disabled seating that was not an acceptable option because he needed to sit together to take care of the grandchildren and asked if he could speak with a manager for permission.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 93:17-94:5. | 34. Undisputed. |
| 35. Another representative who appeared to have more authority | 35. Disputed. There is no evidence an attendant at the disabled seating area |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| arrived, and the first attendant told her in front of Plaintiff and other patrons that "we have a troublemaker here."<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 96:1-8. | told another arena attendant anything, other than what Plaintiff claims he heard. This "fact" lacks foundation, assumes facts not in evidence, and constitutes inadmissible pure hearsay. |
| 36.  When he was publicly berated in front of other people as a "troublemaker", Plaintiff was embarrassed and mortified.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 96:1-8. | 36. Disputed. There is no evidence Plaintiff was "berated in front of other people as a "troublemaker"" by anyone, beyond what Plaintiff contends an arena attendant allegedly said. This "fact" lacks foundation, assumes facts not in evidence, and is based upon inadmissible pure hearsay. |
| 37.   The Arena representative with more authority told Plaintiff that "we are compliant" and that they would not accommodate additional folding chairs for the children to sit in so the whole family could sit together.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 95:3-6; 96:19-97:8. | 37. Disputed. There is no evidence an Arena representative said anything to Plaintiff, including that "we are compliant" and that they would not accommodate additional folding chairs for the children to sit in so the whole family could sit together, beyond what Plaintiff contends an Arena attendant said. This "fact" lacks foundation, assumes facts not in evidence, and is based upon inadmissible pure hearsay. |
| 38.  Because the Arena representatives would not allow Plaintiff and his family sit together, his wife and the | 38. Disputed. There is no evidence Arena representatives would not allow Plaintiff and his family to sit together, |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| children sat in the general seating on the lower levels.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 97:9-98:9. | beyond what Plaintiff contends he was told by Arena attendants. This "fact" therefore lacks foundation, assumes facts not in evidence, and is based upon inadmissible pure hearsay. |
| 39.  Plaintiff spoke with other disabled patrons who were disgusted by the way they were treated.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 100:15-25; 102:6-22. | 39. Disputed. What other unidentified disabled patrons said to Plaintiff constitutes inadmissible pure hearsay. This "fact" lacks foundation and assumes facts not in evidence. This "fact" is also irrelevant. |
| 40.  Plaintiff was surprised because he was treated differently in 2009 when he went to the Arena for another graduation.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 100:15-101:25. | 40. Disputed. There is no evidence how Plaintiff was treated in 2009, beyond Plaintiff's testimony as to the treatment he received from third parties over ten years prior. This "fact" lacks foundation, assumes facts not in evidence, and constitutes inadmissible pure hearsay. |
| 41. After the graduation, Plaintiff and his family made their way back down the switchback ramp with the flow of traffic.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 104:15-24. | 41.  Disputed.  Plaintiff's testimony about what occurred after the graduation is completely contradicted by the testimony of Claudia Uribes who, among other things, testified she and plaintiff never traveled down any ramps to leave the arena.<br><br>Uribes Dep. (Irwin Decl., **Exhibit A**). |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| 42.    At the bottom of the ramp, Plaintiff encountered a curb and metal guardrails that prevented him from reuniting with his stepdaughter where the rest of the Arena patrons were gathering.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 105:6-108:7. | 42.  Disputed.  Plaintiff's testimony about what occurred after the graduation is completely contradicted by the testimony of Claudia Uribes and the testimony of Glendy Trippiedi, who, among other things, both testified the family went straight to their vehicle after leaving the arena.<br><br>Uribes Dep. (Irwin Decl. **Exhibit A**); Glendy Trippiedi Dep. (Irwin Decl. **Exhibit B**). |
| 43.  Because of the curb and guardrail barrier, Plaintiff and his family had to turn around and went back toward the parking lot, where they eventually met Plaintiff's stepdaughter.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 109:9-110:9, 110:15-111:8. | 43.  Disputed.  Plaintiff's testimony about what occurred after the graduation is completely contradicted by the testimony of Claudia Uribes and the testimony of Glendy Trippiedi, who, among other things, both testified the family went straight to their vehicle after leaving the arena.<br><br>Uribes Dep. (Irwin Decl. **Exhibit A**); Glendy Trippiedi Dep. (Irwin Decl. **Exhibit B**). |
| 44. When Plaintiff arrived to his van, he could not get in because it was not an accessible parking space, and Plaintiff and his family had to wait | 44. Undisputed that Plaintiff parked his van in a non-accessible parking space, and undisputed that Plaintiff and his family waited until the adjacent cars |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| until the adjacent cars left.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 112:11-113:3; Claudia 44:17-21; 47: 10-16. | left. That they <u>had to wait</u> is completely disputed. Plaintiff was accompanied by his wife and his step-daughter, both of whom were licensed drivers and neither of whom were disabled. Either able-bodied individual could have easily backed the van out of the parking space at any time.<br>Uribes Dep. (Irwin Decl. **Exhibit A**); Glendy Trippiedi Dep. (Irwin Decl. **Exhibit B**). |
| 45.   During Plaintiff's October 19, 2021, visit to the Arena he was caused to experience difficulty, discomfort, frustration, and embarrassment due to the Arena's inaccessibility.<br><br>Trippiedi Decl. ¶ 7-8; **Exhibit 3**. (Summary Letter from LCSW regarding Plaintiff's mental health). | 45. Disputed. Plaintiff's supporting evidence lacks any foundation whatsoever and is inadmissible hearsay. Exhibit 3 to Plaintiff's declaration is a letter authored by a third party. Plaintiff cannot personally establish the foundation for this letter and as such cannot rely on the letter's contents for purposes of providing or establishing this "fact." |
| 46.  As a result of his experience at the Arena, Plaintiff suffers from anxiety, has great apprehension, and is afraid to go out in public.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 115:13-116:6; | 46. Disputed. Plaintiff's supporting evidence lacks any foundation whatsoever and is inadmissible hearsay. Exhibit 3 to Plaintiff's declaration is a letter authored by a third party. Plaintiff cannot personally establish the foundation for this letter |

-16-

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| Trippiedi Decl. ¶ 7-8; **Exhibit 3**. (Summary Letter from LCSW regarding Plaintiff's mental health). | and as such cannot rely on the letter's contents for purposes of providing or establishing this "fact." |
| 47.  As a result of his experience at the Arena that caused his anxiety and fear to go out in public, Plaintiff has declined several invitations to public gatherings.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 116:10-118:2; Trippiedi Decl. ¶ 7-8; **Exhibit 3**. (Summary Letter from LCSW regarding Plaintiff's mental health). | 47.  Disputed.  Plaintiff's supporting evidence lacks any foundation whatsoever and is inadmissible hearsay.  Exhibit 3 to Plaintiff's declaration is a letter authored by a third party. Plaintiff cannot personally establish the foundation for this letter and as such cannot rely on the letter's contents for purposes of providing or establishing this "fact." |
| 48. As a result of his experience at the Arena, Plaintiff's fears that if he goes in public he will not be provided accessible accommodations and that the world is not accepting to him or other people with disabilities.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 118:8-119:19; Trippiedi Decl. ¶ 7-8; **Exhibit 3**. (Summary Letter from LCSW regarding Plaintiff's mental health). | 48.  Disputed.  Plaintiff's supporting evidence lacks any foundation whatsoever and is inadmissible hearsay.  Exhibit 3 to Plaintiff's declaration is a letter authored by a third party. Plaintiff cannot personally establish the foundation for this letter and as such cannot rely on the letter's contents for purposes of providing or establishing this "fact." |
| 49.  As a result of his experience at the Arena, Plaintiff does not sleep well | 49.  Disputed.  Plaintiff's supporting evidence lacks any foundation |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| and has nightmares.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 120:17-121:7; Trippiedi Decl. ¶ 7-8; **Exhibit 3**. (Summary Letter from LCSW regarding Plaintiff's mental health). | whatsoever and is inadmissible hearsay. Exhibit 3 to Plaintiff's declaration is a letter authored by a third party. Plaintiff cannot personally establish the foundation for this letter and as such cannot rely on the letter's contents for purposes of providing or establishing this "fact." |
| 50. As a result of his experience at the Arena, Plaintiff often feels like life is not worth living.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 122:4-15; Trippiedi Decl. ¶ 7-8; **Exhibit 3**. (Summary Letter from LCSW regarding Plaintiff's mental health). | 50. Disputed. Plaintiff's supporting evidence lacks any foundation whatsoever and is inadmissible hearsay. Exhibit 3 to Plaintiff's declaration is a letter authored by a third party. Plaintiff cannot personally establish the foundation for this letter and as such cannot rely on the letter's contents for purposes of providing or establishing this "fact." |
| 51. As a result of his experience at the Arena, Plaintiff been treated by a psychologist and suffered economic loss.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 128:19-129:9; Trippiedi Decl. ¶ 7-8; **Exhibit 3**. (Summary Letter from LCSW regarding Plaintiff's mental health). | 51. Disputed. Plaintiff's supporting evidence lacks any foundation whatsoever and is inadmissible hearsay. Exhibit 3 to Plaintiff's declaration is a letter authored by a third party. Plaintiff cannot personally establish the foundation for this letter and as such cannot rely on the letter's contents for purposes of providing or establishing this "fact." |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| 52. Plaintiff's psychologist and Licensed Clinical Social Worker, who has treated Plaintiff since August 2020 opined that his having been called a "troublemaker" when he requested accommodations has caused a significant amount of distress for him and family.<br><br>Trippiedi Decl. ¶ 8; **Exhibit 3**. (Summary Letter from LCSW regarding Plaintiff's mental health). | 52. Disputed. Plaintiff's supporting evidence lacks any foundation whatsoever and is inadmissible hearsay. Exhibit 3 to Plaintiff's declaration is a letter authored by a third party. Plaintiff cannot personally establish the foundation for this letter and as such cannot rely on the letter's contents for purposes of providing or establishing this "fact." |
| 53. Plaintiff's psychologist further opined that Plaintiff's panic and anxiety about Los Angeles reopening after the pandemic is attributed to his experience at his stepdaughter's graduation at the Arena as his symptoms have worsened since then.<br><br>Trippiedi Decl. ¶ 8; **Exhibit 3**. (Summary Letter from LCSW regarding Plaintiff's mental health). | 53. Disputed. Plaintiff's supporting evidence lacks any foundation whatsoever and is inadmissible hearsay. Exhibit 3 to Plaintiff's declaration is a letter authored by a third party. Plaintiff cannot personally establish the foundation for this letter and as such cannot rely on the letter's contents for purposes of providing or establishing this "fact." |
| 54. Plaintiff's psychologist further explained that Plaintiff's concerns are not only from feeling the pain and humiliation of being singled out as a "troublemaker" but is fearful of how | 54. Disputed. Plaintiff's supporting evidence lacks any foundation whatsoever and is inadmissible hearsay. Exhibit 3 to Plaintiff's declaration is a letter authored by a |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| his family will feel about going places with him if he is refused necessary accommodations.<br><br>Trippiedi Decl. ¶ 8; **Exhibit 3**. (Summary Letter from LCSW regarding Plaintiff's mental health). | third party. Plaintiff cannot personally establish the foundation for this letter and as such cannot rely on the letter's contents for purposes of providing or establishing this "fact." |
| 55.  Plaintiff will continue his therapy until his symptoms improve.<br><br>Trippiedi Decl. ¶ 8; **Exhibit 3**. (Summary Letter from LCSW regarding Plaintiff's mental health). | 55.  Disputed.  Plaintiff's supporting evidence lacks any foundation whatsoever and is inadmissible hearsay.  Exhibit 3 to Plaintiff's declaration is a letter authored by a third party. Plaintiff cannot personally establish the foundation for this letter and as such cannot rely on the letter's contents for purposes of providing or establishing this "fact." |
| 56.  On April 1, 2020, Plaintiff filed a Government Claim with City pursuant to §910 et seq. of the California Government Code regarding the barriers he encountered at the Arena.<br><br>Manning Decl. ¶ 11; **Exhibit D**. (Government claim filed April 1, 2020). | 56. Disputed. The content of Plaintiff's Government Claim filed with the City of Ontario does not include any reference whatsoever to the vast majority of the alleged "barriers he encountered at the Arena." |
| 57.   In his April 1, 2020, claim, Plaintiff asked that the City make the | 57.   The   content   of   Plaintiff's Government Claim is not disputed. |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| Arena ADA and UCRA compliant, and for emotional distress damages.<br><br>Manning Decl. ¶ 11; **Exhibit D.** (Government claim filed April 1, 2020). | That the Arena was not ADA and/or UCRA compliant lacks foundation, assumes facts not in evidence, and calls for expert opinion. |
| 58. The City denied and rejected Plaintiff's claim on May 7, 2020.<br><br>Manning Decl. ¶ 12; **Exhibit E.** Government claim denial dated May 7, 2020). | 58. Undisputed. |
| 59. Plaintiff had visited the Arena in 2009 for a graduation, and would like to visit the Arena again in the future if there are events he is interested in after he recovers from the incident, and if he knows it is fully accessible.<br><br>Trippiedi Dep. (Manning Decl., **Exhibit G**) at 100:15-101:25; Trippiedi Decl. ¶ 8. | 59. Disputed. That Plaintiff visited the Arena in 2009 lacks foundation and assumes facts not in evidence. Whether Plaintiff will ever visit the Arena in the future is pure speculation. |
| 60. On July 6, 2021, Plaintiff's retained expert, Janis Kent, FAIA, CASp, who conducted a noticed site inspection of the Arena. | 60. There is no evidence of the exact date on which Plaintiff formally retained his expert, though this "fact" is irrelevant to the subject matter of this litigation. |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), generally | |
| 61.   Following her inspection, Ms. Kent outlined her findings and opinions in a report dated July 9, 2021.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), generally. | 61. It is not disputed that Janis Kent prepared a report in this matter dated July 9, 2021. What that report purports to represent lacks foundation and assumes facts not in evidence. |
| 62.   In her July 9, 2021, report Ms. Kent confirmed the accessibility barriers encountered by Plaintiff and concluded they violated applicable standards and the City's legal obligations.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), generally. | 62. Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that Janis Kent in her capacity as an expert cannot establish whether the City of Ontario breached a legal obligation under the law. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto. |
| 63. Ms. Kent also identified a number of other accessibility barriers at the | 63. Disputed in that the referenced report constitutes the best evidence and |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| Arena that would prevent Plaintiff from having meaningful access to the Arena.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), generally. | the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also that this "fact" is vague, ambiguous and overbroad as phrased, particularly as to the phrase "meaningful access" as used in this context. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br><br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto. |
| 64.  With regard to the parking at the south of the drive aisle on the south side of the Arena, Ms. Kent opined that the on-grade markings are not maintained and are faded.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1, and photos 1, 2, 3. | 64.  Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br><br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br>See Gibbens Decl., including but not limited to ¶18. |
| 65.    Diagonal stripes in the access aisles do not contrast with the paving surface.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1, and photos 1, 2. | 65.    Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto. |

DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS

| | |
|---|---|
| | See Gibbens Decl., including but not limited to ¶18. |
| 66.   Access aisles are missing the words 'NO PARKING' in white 12" letters.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1, and photos 1, 2. | 66.   Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br><br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br>See Gibbens Decl., including but not limited to ¶18. |
| 67.  The area has 6 spaces with no van accessible space.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1. | 67.   Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. |

| | |
|---|---|
| | Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. See Supp. Gibbens Decl. and Exhibit 1 attached thereto. See Gibbens Decl., including but not limited to ¶18. |
| 68.  The parking area are missing signs with International Symbol of Accessibility (ISA), the '$250 MINIMUM FINE', and tow away signs.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1, and photos 1, 2. | 68.  Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the |

DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS

| | |
|---|---|
| | assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. See Supp. Gibbens Decl. and Exhibit 1 attached thereto. See Gibbens Decl., including but not limited to ¶18. |
| 69.  The ISA is not compliant and is cracking.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1, and photos 10, 11. | 69.  Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. See Supp. Gibbens Decl. and Exhibit 1 attached thereto. See Gibbens Decl., including but not limited to ¶18. |
| 70.  A parking space is less than 9' min | 70.  Disputed in that the |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| in width measured from the centerlines.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1, and photo 12. | referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br>See Gibbens Decl., including but not limited to ¶18. |
| 71. A sign at the space closest to the entry is less than 80" min above grade.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1, and photo 14. | 71. Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br><br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br><br>See Gibbens Decl., including but not limited to ¶18. |
| 72. With regards to the perpendicular parking immediately adjacent to the south side of the building, Ms. Kent opined that on grade markings are not maintained and are faded.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1, and photos 4, 5, 6. | 72. Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br><br>See Gibbens Decl., including but not limited to ¶18. |
| 73.  Diagonal stripes in the access aisle do not contrast with the paving surface.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1, and photos 6, 7, 9. | 73.  Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br><br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br><br>See Gibbens Decl., including but not limited to ¶18. |
| 74.  This area has 8 spaces with 2 van accessible. | 74.  Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1, and photo 14.<br><br>75.  On-grade marking of an ISA in the space is not compliant.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1, and photos 5, 6. | formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br>See Gibbens Decl., including but not limited to ¶18. |
| 75.  On-grade marking of an ISA in the space is not compliant.<br><br>Kent Decl. ¶ 8. Exhibit 1 (Kent Report), at pp 1; item 0.1, and photos 5, 6. | 75.  Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. See Supp. Gibbens Decl. and Exhibit 1 attached thereto. See Gibbens Decl., including but not limited to ¶18. |
| 76.   The access aisle is missing a complete border.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 1; item 0.1, and photo 6. | 76.   Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. See Supp. Gibbens Decl. and Exhibit 1 attached thereto. See Gibbens Decl., including but not limited to ¶18. |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| 77. Van accessible space access aisle is less than 8' min measured to the centerline of the striping.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 2; item 0.1, and photo 7. | 77. Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br>See Gibbens Decl., including but not limited to ¶18. |
| 78. Standard accessible access aisle is less than 60" measured to the center line of the striping.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 2; item 0.1, and photo 8. | 78. Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. See Supp. Gibbens Decl. and Exhibit 1 attached thereto. See Gibbens Decl., including but not limited to ¶18. |
| 79. Access aisle is missing the words 'NO PARKING' in white 12" height letters.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 2; item 0.1, and photo 9. | 79. Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. |

-34-

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br><br>See Gibbens Decl., including but not limited to ¶18. |
| 80.  Access aisle surface is not firm and stable, and is cracking in the center.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 2; item 0.1. | 80.   Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br><br>See Gibbens Decl., including but not limited to ¶18. |
| 81.  With regard to the parking at the northeast corner of the Arena, Ms. Kent opined that there are 13 spaces adjacent to the sidewalk requiring 3 | 81.   Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| van accessible spaces, that have similar striping, signage, and paving barriers to access.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 2; item 0.1, and photos 43, 44. | formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. See Supp. Gibbens Decl. and Exhibit 1 attached thereto. See Gibbens Decl., including but not limited to ¶18. |
| 82.  Spaces across drive aisle have on grade markings to be accessible but are not compliant because they are missing a path of travel at the head of the spaces and missing signs.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 2; item 0.1, and photos 44, 45. | 82.   Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br><br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br><br>See Gibbens Decl., including but not limited to ¶18. |
| 83.  With regard to the path of travel from parking south of the drive aisle on the south side of the building, Ms. Kent opined that the path of travel is not the shortest distance possible from the accessible parking to the entrance.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 2; item 0.2, and photos 2, 3, 13, 14, 15, 16, 17, 31. | 83.   Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br><br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br><br>See Gibbens Decl., including but not limited to ¶18. |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| 84.  The path of travel in the plaza area has less than 80" minimum clear height.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 2; item 0.2, and photo 32. | 84.   Disputed   in   that   the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions   and   opinions   asserted therein,   and   such   assertions   and opinions are therefore inadmissible.<br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br>See Gibbens Decl., including but not limited to ¶18. |
| 85.  The curb cut ramp does not have compliant detectable warnings.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 2; item 0.2, and photos 17, 24. | 85.   Disputed   in   that   the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the |

| | |
|---|---|
| | ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. See Supp. Gibbens Decl. and Exhibit 1 attached thereto. See Gibbens Decl., including but not limited to ¶18. |
| 86. The bottom of the ramp has gaps at asphalt to concrete transition.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 2; item 0.2, and photo 25. | 86. Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br>See Gibbens Decl., including but not limited to ¶18. |
| 87.  With regards to the path of travel from the large ramp at the main entry, Ms. Kent opined that Portions of the ramp have running slopes greater than 5% which makes this into a ramp rather than a sloped walkway and is non-compliant.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 3; item 0.2, and photos 26, 27. | 87.    Disputed    in    that    the referenced report constitutes the best evidence  and  the  report  speaks  for itself.  Disputed  also  that  the  report formally  reached  such  conclusions. Disputed  also  on  the  grounds  that  the evidence  in  this  case  establishes  the City  of  Ontario  did  not  violate  the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers   such   that   this   "fact"   is irrelevant.  Disputed  as  Ms.  Kent's report establishes no foundation for the assertions    and    opinions    asserted therein,   and   such   assertions   and opinions are therefore inadmissible.<br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br>See Gibbens Decl., including but not limited to ¶18. |
| 88.   The large ramp at the main entry has portions of the cross slope that are greater than 2.083%. | 88.    Disputed    in    that    the referenced report constitutes the best evidence  and  the  report  speaks  for itself. Disputed  also  that  the  report |

| | |
|---|---|
| Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 3; item 0.2, and photo 28. | formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br><br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br><br>See Gibbens Decl., including but not limited to ¶18. |
| 89.  The large ramp at the main entry has no handrails.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 3; item 0.2, and photos 29, 30. | 89.   Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers, as he was in a wheelchair, such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | assertions and opinions are therefore inadmissible. |
| | See Supp. Gibbens Decl. and Exhibit 1 attached thereto. |
| | See Gibbens Decl., including but not limited to ¶18. |
| 90.  The large ramp at the main entry has landings with less than the minimum height.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 3; item 0.2, and photos 29, 30. | 90.   Disputed  in  that  the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br>See Gibbens Decl., including but not limited to ¶18. |
| 91.  The large ramp at the main entry has changes in level greater than 4"; if this is revised to be a sloped walkway the  curb  height  will  need  to  be increased to 6". | 91.   Disputed  in  that  the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally  reached  such  conclusions. |

| | |
|---|---|
| Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 3; item 0.2, and photo 24.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 3; item 0.3, and photo 19. | Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br>See Gibbens Decl., including but not limited to ¶18. |
| 92. The path of travel where Plaintiff parked has no accessible parking. | 92. Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed based upon the fact that Plaintiff chose to park in a non-ADA accessible parking space on the date in question, such that there is no legal requirement for path of travel from said parking space. This fact is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the |

-43-
**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br><br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br><br>See Gibbens Decl., including but not limited to ¶18. |
| 93. The path of travel where Plaintiff parked requires walking behind numerous parked vehicles .<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 3; item 0.3, and photos 18, 19, 20, 21, 22, 23. | 93. Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed based upon the fact that Plaintiff chose to park in a non-ADA accessible parking space on the date in question, such that there is no legal requirement for path of travel from said parking space. This fact is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br><br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto. |

-44-
**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | See Gibbens Decl., including but not limited to ¶18. |
| 94.  With regards to the elevators, Ms. Kent opined that multiple Jamb signs are not compliant.<br><br>Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 3; item 1.1, and photos 33, 34, 35, 47. | 94.   Disputed   in   that   the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible.<br>See Supp. Gibbens Decl. and Exhibit 1 attached thereto.<br>See Gibbens Decl., including but not limited to ¶18. |
| 95. With regards to the auditorium, there are 360° seating with accessible seating located in just one area, which is not dispersed. | 95.   Disputed   in   that   the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 4; item 1.2, and photos 37, 38. | evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Further disputed on the basis that this finding is inaccurate and erroneous, as the Toyota Arena has accessible seating located in multiple areas. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. See Supp. Gibbens Decl. and Exhibit 1 attached thereto. See Gibbens Decl., including but not limited to ¶18. |
| 96.  The seating in the accessible area is not equivalent to other seating, with folding chairs instead of upholstered fabric and leather(ette) seating. <br><br> Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 4; item 1.2, and photos 39, 40, 41, 46. | 96.    Disputed    in    that    the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged |

| | |
|---|---|
| | barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. See Supp. Gibbens Decl. and Exhibit 1 attached thereto. See Gibbens Decl., including but not limited to ¶18. |
| 97.  Companion seating is missing in the seating in the accessible area.<br><br>**1** (Kent Report), at pp 4; item 1.2, and photo 42. | 97. Disputed in that the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers such that this "fact" is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions and opinions asserted therein, and such assertions and opinions are therefore inadmissible. Finally disputed on the grounds that this "fact" is vague, ambiguous and overbroad. |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| | See Supp. Gibbens Decl. and Exhibit 1 attached thereto. See Gibbens Decl., including but not limited to ¶18 |
| 98.   There are insufficient number of wheelchair accessible spaces with the same number of companion seats dispersed throughout the area. Kent Decl. ¶ 8. **Exhibit 1** (Kent Report), at pp 4; item 1.2, and photo 46. | 98.   Disputed   in   that   the referenced report constitutes the best evidence and the report speaks for itself. Disputed also that the report formally reached such conclusions. Disputed also on the grounds that the evidence in this case establishes the City of Ontario did not violate the ADA. Further disputed on the basis that Plaintiff did not encounter these alleged barriers   such   that   this   "fact"   is irrelevant. Disputed as Ms. Kent's report establishes no foundation for the assertions   and   opinions   asserted therein,   and   such   assertions   and opinions are therefore inadmissible. See Supp. Gibbens Decl. and Exhibit 1 attached thereto. See Gibbens Decl., including but not limited to ¶18. |
| 99.   The City has no policies and procedures with regard to any effort to make the Arena accessible to persons with disabilities. | 99.   Disputed   in   that   investigation remains ongoing. Disputed further on the grounds that there is no legal requirement that Defendant have such |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| Manning Decl. ¶ 3; **Exhibit A** (Def. Responses to Request for Production No. 16). | policies and procedures. This "fact" is irrelevant to the subject matter of this litigation. |
| 100.  The City has no documents that pertain to the compliance or noncompliance of the Arena with the ADA since 1992.<br>Manning Decl. ¶ 4; **Exhibit A** (Def. Responses to Request for Production No. 18). | 100.  Disputed in that investigation remains ongoing. Disputed further on the grounds that there is no legal requirement that Defendant have such documents. This "fact" is irrelevant to the subject matter of this litigation. |
| 101.    The City's person most knowledgeable, and section 30(b)6 designee, Christopher Shaw, did not look for documents identifying any policies relating to compliance with the ADA.<br><br>Shaw Dep. (Manning Decl., **Exhibit I**) at 30:13-19. | 101. Disputed. Misstates testimony. |
| 102.    The City has no policies or procedures developed by the City to instruct Arena agents to provide accommodations for persons with disabilities from 2019 to the present.<br><br>Shaw Dep. (Manning Decl., **Exhibit I**) at 72:25-73:8. | 102. Disputed in that investigation remains ongoing. Disputed further on the grounds that there is no legal requirement that Defendant have such policies and procedures. This "fact" is irrelevant to the subject matter of this litigation. |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| 103. The City has neither received nor developed any policies about maintaining the Arena in an accessible manner for persons with disabilities.<br><br>Shaw Dep. (Manning Decl., **Exhibit I**) at 73:22-25. | 103. Disputed in that investigation remains ongoing. Disputed further on the grounds that there is no legal requirement that Defendant have such policies and procedures. This "fact" is irrelevant to the subject matter of this litigation. |
| 104. The City has no policy or plan in place to substitute blocked disabled parking stalls at the Arena.<br><br>Shaw Dep. (Manning Decl., **Exhibit I**) at 91:9-13. | 104. Disputed. Every time the Toyota Arena blocks off ADA parking spaces for graduation ceremonies and equal amount of additional ADA spaces are created to supplement the available spaces.<br><br>See Shaw Declaration served concurrently herewith. |
| 105. The City does not have policies or procedures that would assist guest services direct disabled individuals to reserve seating.<br><br>Shaw Dep. (Manning Decl., **Exhibit I**) at 98:16-19. | 105. Disputed in that investigation remains ongoing. Disputed further on the grounds that there is no legal requirement that Defendant have such policies and procedures. This "fact" is irrelevant to the subject matter of this litigation. |
| 106. The City has no policies and procedures to allow disabled persons who are accompanied by more than one person to be seated with the rest of their group. | 106. Disputed in that investigation remains ongoing. Disputed further on the grounds that there is no legal requirement that Defendant have such policies and procedures. This "fact" is |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| Shaw Dep. (Manning Decl., **Exhibit I**) at 104:17-21. | irrelevant to the subject matter of this litigation. |
| 107.   The   City   has   no   plans, communications, or meetings about past, present, or future plans to change the arena's ADA policies as it relates to parking.<br><br>Shaw Dep. (Manning Decl., **Exhibit I**) at 107:18-22. | 107.   Disputed   as   this   misstates Christopher   Shaw's   testimony. Disputed in that investigation remains ongoing.   Disputed   further   on   the grounds   that   there   is   no   legal requirement that Defendant have such plans,  communications  or  meetings. This "fact" is irrelevant to the subject matter of this litigation. |
| 108.   The City has had no meetings or communication    regarding    its implementation of policies regarding the ADA.<br><br>Shaw Dep. (Manning Decl., **Exhibit I**) at 108:14-19. | 108.   Disputed   as   this   misstates Christopher   Shaw's   testimony. Disputed in that investigation remains ongoing.   Disputed   further   on   the grounds   that   there   is   no   legal requirement that Defendant have such meetings  or  communications.  This "fact" is irrelevant to the subject matter of this litigation. |
| 109.   The City has set forth no facts to support its affirmative defenses Nos. 1 through  6,  8  through  10,  and  12 through 14, pleaded in its Answer [ECF #32]. | 109. Disputed in that investigation is incomplete and ongoing in this matter. |

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**

| | |
|---|---|
| Manning Decl. ¶ 9; **Exhibit C** (Defendant's Response to Plaintiff's Interrogatories Nos. 34 through 45). | |
| 110.  In October 2019, the Arena was managed by ASM Global.<br><br>Shaw Dep. (Manning Decl., **Exhibit I**) at 37:5-11. | 110. Undisputed. |

DATED:  August 6, 2021          CARROLL, KELLY, TROTTER & FRANZEN

By: _____

    JOHN C. KELLY
    GABRIEL M. IRWIN
    Attorneys for Defendant CITY OF ONTARIO

1

2

**<u>CERTIFICATE OF SERVICE</u>**

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

4

5

I hereby certify that on August 6, 2021, I electronically filed the foregoing **OPPOSITION TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

6

**IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** with

7

the clerk of the United States District Court - Central District of California by

8

using the Central District CM/ECF system.

9

Participants in the case who are registered CM/ECF users will be served by

10

the Central District of California CM/ECF system.

11

I further certify that some of the participants in the case may not be registered

12

CM/ECF users.  I have mailed the foregoing **\*\*\*\*** by First-Class Mail, postage pre-

13

paid, or have dispatched it to a third party commercial carrier for delivery within

14

three (3) calendar days, to the following non-CM/ECF participants:

15

16

[*NONE*]

17

18

DATED: August 6, 2021                                    *<u>Jennifer Beasley</u>*

19

                                                                              Jennifer Beasley

20

21

22

23

24

25

26

27

28

-53-

**DEFENDANT'S STATEMENT OF DISPUTED AND UNDISPUTED FACTS**