**CARROLL, KELLY, TROTTER & FRANZEN**
**JOHN C. KELLY (SBN 125609)**
**GABRIEL M. IRWIN (SBN 210916)**
111 West Ocean Boulevard, 14th Floor
Post Office Box 226
Long Beach, California 90801-5636
Telephone No. (562) 432-5855 /
Facsimile No. (562) 432-8785
jckelly@cktflaw.com / gmirwin@cktflaw.com

Attorneys for Defendant, CITY OF ONTARIO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TRIPPIEDI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ONTARIO, a government entity; and DOES 1-10, inclusive<br><br>Defendants. | CASE NO.: 5:20-CV-01190-AB-SHK<br><br>**DEFENDANT CITY OF ONTARIO'S EVIDENTIARY OBJECTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Declaration of Michael P. Gibbons; Supplemental Declaration of Michael P. Gibbons; Declaration of Christopher Shaw; Declaration of Gabriel M. Irwin]<br><br>DATE: August 27, 2021<br>TIME: 10:00 a.m.<br>COURTROOM: 7B<br><br>Discovery Cut-Off: 7-8-21<br>Pre-Trial Conf.: 11-19-21<br>Trial: 12-7-21<br><br>**Honorable Andre Birotte, Jr.**<br>Complaint Filed: 6-11-20 |

/ / /

/ / /

/ / /

DEFENDANT CITY OF ONTARIO hereby makes the following evidentiary objections to the evidence submitted by Plaintiff Daniel Trippiedi in support of Plaintiff's Motion for Partial Summary Judgment, as follows:

**OBJECTION NO. 1:**

July 9, 2021 Report to Plaintiff's Counsel authored by Janis Kent, and all opinions contained within said report.

**GROUNDS FOR OBJECTION NO. 1:**

The entire report lacks foundation, such that there is no legal basis for the opinions set forth therein. See Supplemental Declaration of Michael P. Gibbons and Exhibit 1 attached thereto.

**OBJECTION NO. 2:**

Paragraph 2 of Daniel Trippiedi's Declaration, which states: "Attached as Exhibit 2 is a true and correct copy of a satellite map of the Toyota Arena parking lot that I accessed on Google along with markings that I made on the map. This shows where accessible spaces were barricaded and where I was directed to park where there were no accessible spaces on October 20, 2019, at the Toyota Arena. This was also attached as Exhibit 6 to my deposition."

**GROUNDS FOR OBJECTION NO. 2:**

The declaration and specifically Paragraph 2 and Exhibit 2 lacks any legal foundation, assumes facts not in evidence, is speculative and conclusory.

First, there is no foundation or evidence that the satellite map attached to Plaintiff's Declaration as Exhibit 2 is in fact what it purports to be. There is no foundation as to who prepared this map, when it was prepared, or for what purpose. There is no foundation for any of the markings placed onto the map. There is no foundation that Exhibit 2 depicts the condition, layout or coordination of the Arena and adjacent parking lots as they existed on October 20, 2019. There is no foundation that Exhibit 2 actually establishes where accessible parking spaces were barricaded

on October 20, 2019, or that the map establishes where Plaintiff contends he was directed to park on October 20, 2019.

Further, Paragraph 2 lacks foundation and assumes facts not in evidence, specifically, that Plaintiff was directed to park where there were no available ADA spaces. The actual evidence in this case establishes Plaintiff specifically made the decision to park in a non-ADA parking space on October 20, 2019, and was not directed to park in such a space.

**OBJECTION NO. 3:**

Paragraph 6 of Daniel Trippiedi's Declaration, which states: "My visit to the Toyota Arena on October 20, 2019, caused me to experience difficulty, discomfort, frustration, and great embarrassment due to the inaccessibility and the way I was publicly treated."

**GROUNDS FOR OBJECTION NO. 3:**

This paragraph is vague, ambiguous and overbroad, and lacks foundation. No information whatsoever is provided or specified as the "visit" and what specifically occurred which allegedly caused Plaintiff to experience difficulty, discomfort, frustration and/or embarrassment. There is no information or specificity as to what alleged "inaccessibility" Plaintiff is referring to, nor is there any information or specificity as to what way Plaintiff allegedly was "publicly treated."

**OBJECTION NO. 4:**

Exhibit 3 to Daniel Trippiedi's Declaration, which purports to be a "summary letter dated May 29, 2021, from Licensed Clinical Social Worker, Jennifer R. Mauceri."

**GROUNDS FOR OBJECTION NO. 4:**

Exhibit 3 lacks foundation, is speculative and conclusory, and his hearsay. There is no evidence provided which establishes the authenticity or accuracy of the letter Plaintiff has attached as an exhibit. There is no declaration from the purported author, Jennifer R. Mauceri, which establishes any foundation for the purported

letter. Plaintiff in his personal capacity has no legal ability to establish the foundation of a letter purportedly authored by a third party. As there is no foundation for the letter, the contents of this letter constitute pure hearsay, and the exhibit is objectionable on these grounds as well. Exhibit 3 should therefore be disregarded.

**OBJECTION NO. 5:**

Plaintiff's undisputed fact number 12: "As he approached the Arena from the west, Arena attendants saw that he had disabled placard and directed Plaintiff to continue driving on that road toward another attendant who would tell him where to park."

**GROUNDS FOR OBJECTION NO. 5:**

Lacks foundation, assumes facts not in evidence, and constitutes inadmissible pure hearsay.

**OBJECTION NO. 6:**

Plaintiff's undisputed fact number 15: "When Plaintiff asked to park at the open ADA spaces at the southernmost area of the Arena, an attendant told him that he could not park there."

**GROUNDS FOR OBJECTION NO. 6:**

Lacks foundation, assumes facts not in evidence, and constitutes inadmissible pure hearsay.

**OBJECTION NO. 7:**

Plaintiff's undisputed fact number 16: "After an attendant told Plaintiff he could not park at the open ADA spaces at the southernmost area of the Arena, the attendant told him to continue east down the road and another attendant would show him where to park."

**GROUNDS FOR OBJECTION NO. 7:**

Lacks foundation, assumes facts not in evidence, and constitutes inadmissible pure hearsay.

/ / /

**OBJECTION NO. 8:**

Plaintiff's undisputed fact number 25: "Plaintiff and his family had difficulty going up the switchback ramp because it was too steep."

**GROUNDS FOR OBJECTION NO. 8:**

There is no evidence this walkway has the technical specifications under any Building Code which would establish it as a "switchback ramp." This fact therefore lacks foundation, assumes facts not in evidence, and calls for expert opinion. Further, there is no evidence the walkway in question was "way too steep" and this fact/allegation is also disputed. Said allegation lacks foundation, assumes facts not in evidence, and calls for expert opinion.

**OBJECTION NO. 9:**

Plaintiff's undisputed fact number 26: "On October 20, 2019, because of bone spurs in her foot, Plaintiff's wife wore an orthopedic boot, which affected her ability to walk, and also made it difficult to traverse the ramp."

**GROUNDS FOR OBJECTION NO. 9:**

Plaintiff's testimony about his wife's condition is hearsay. This fact lacks foundation and assumes facts not in evidence. The condition of plaintiff's wife's foot is also completely irrelevant, as his wife is not a party to this action, nor is the condition of her foot at issue.

**OBJECTION NO. 10:**

Plaintiff's undisputed fact number 27: "Plaintiff and his family had to stop three times to rest while going up the switchback ramp."

**GROUNDS FOR OBJECTION NO. 10:**

There is no evidence the walkway in question has the technical specifications under any Building Code which would establish it as a "switchback ramp." This fact therefore lacks foundation, assumes facts not in evidence, and calls for expert opinion.

/ / /

EVIDENTIARY OBJECTIONS IN SUPPORT OF OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT

**OBJECTION NO. 11:**

Plaintiff's undisputed fact number 30: "On October 20, 2019, when Plaintiff got to the top of the ramp, Plaintiff asked an attendant where the disabled seating was, which the attendant pointed to about 50 feet away."

**GROUNDS FOR OBJECTION NO. 11:**

Lacks foundation, assumes facts not in evidence, and constitutes inadmissible pure hearsay.

**OBJECTION NO. 12:**

Plaintiff's undisputed fact number 33: "The attendant at the disabled seating area told Plaintiff that he could only have one companion sitting with him but did not tell him why."

**GROUNDS FOR OBJECTION NO. 12:**

Lacks foundation, assumes facts not in evidence, and constitutes inadmissible pure hearsay.

**OBJECTION NO. 13:**

Plaintiff's undisputed fact number 35: "Another representative who appeared to have more authority arrived, and the first attendant told her in front of Plaintiff and other patrons that "we have a troublemaker here.""

**GROUNDS FOR OBJECTION NO. 13:**

Lacks foundation, assumes facts not in evidence, and constitutes inadmissible pure hearsay.

**OBJECTION NO. 14:**

Plaintiff's undisputed fact number 36: "When he was publicly berated in front of other people as a "troublemaker", Plaintiff was embarrassed and mortified.

**GROUNDS FOR OBJECTION NO. 14:**

There is no evidence Plaintiff was "berated in front of other people as a "troublemaker"" by anyone, beyond what Plaintiff contends an arena attendant

1  allegedly said. This "fact" lacks foundation, assumes facts not in evidence, and is
2  based upon inadmissible pure hearsay.

3  **OBJECTION NO. 15:**

4          Plaintiff's undisputed fact number 37: "The Arena representative with
5  more authority told Plaintiff that "we are compliant" and that they would not
6  accommodate additional folding chairs for the children to sit in so the whole family
7  could sit together."

8  **GROUNDS FOR OBJECTION NO. 15:**

9          There is no evidence an Arena representative said anything to Plaintiff,
10 including that "we are compliant" and that they would not accommodate additional
11 folding chairs for the children to sit in so the whole family could sit together, beyond
12 what Plaintiff contends an Arena attendant said. This "fact" lacks foundation,
13 assumes facts not in evidence, and is based upon inadmissible pure hearsay.

14 **OBJECTION NO. 16:**

15         Plaintiff's undisputed fact number 38: "Because the Arena representatives
16 would not allow Plaintiff and his family sit together, his wife and the children sat in
17 the general seating on the lower levels."

18 **GROUNDS FOR OBJECTION NO. 16:**

19         There is no evidence Arena representatives would not allow Plaintiff and his
20 family to sit together, beyond what Plaintiff contends he was told by Arena
21 attendants. This "fact" therefore lacks foundation, assumes facts not in evidence, and
22 is based upon inadmissible pure hearsay.

23 **OBJECTION NO. 17:**

24         Plaintiff's undisputed fact number 39: "Plaintiff spoke with other disabled
25 patrons who were disgusted by the way they were treated."

26 / / /
27 / / /
28 / / /

**GROUNDS FOR OBJECTION NO. 17:**

What other unidentified disabled patrons said to Plaintiff constitutes inadmissible pure hearsay. This "fact" lacks foundation and assumes facts not in evidence. This "fact" is also irrelevant.

**OBJECTION NO. 18:**

Plaintiff's undisputed fact number 40: "Plaintiff was surprised because he was treated differently in 2009 when he went to the Arena for another graduation."

**GROUNDS FOR OBJECTION NO. 18:**

There is no evidence how Plaintiff was treated in 2009, beyond Plaintiff's testimony as to the treatment he received from third parties over ten years prior. This "fact" lacks foundation, assumes facts not in evidence, and constitutes inadmissible pure hearsay.


DATED:  August 6, 2021          CARROLL, KELLY, TROTTER & FRANZEN

By: _____
         JOHN C. KELLY
         GABRIEL M. IRWIN
         Attorneys for Defendant CITY OF ONTARIO

## <u>CERTIFICATE OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I hereby certify that on August 6, 2021, I electronically filed the foregoing **DEFENDANT CITY OF ONTARIO'S EVIDENTIARY OBJECTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** with the clerk of the United States District Court - Central District of California by using the Central District CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the Central District of California CM/ECF system.

I further certify that some of the participants in the case may not be registered CM/ECF users.  I have mailed the foregoing **** by First-Class Mail, postage pre-paid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days, to the following non-CM/ECF participants:

[*NONE*]

Dated:  August 6, 2021_____*Jennifer Beasley_*
                                                JENNIFER BEASLEY